UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-07446-SPG-BFM | Date | July 14, 2026 |
|---|---|---|---|
| Title | Assessment First, LLC v. Oasis Discovery Partners LLC | | |

| Present: The Honorable | SHERILYN PEACE GARNETT UNITED STATES DISTRICT JUDGE |
|---|---|

| P. Gomez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:**     (IN CHAMBERS) ORDER RE: EX PARTE COMMUNICATIONS

On July 9, 2026, Plaintiff Assessment First, LLC ("Plaintiff") improperly filed this action under seal, without following the procedures specified in the Central District of California's Local Rules. *See* C.D. Cal. L.R. 79-5.2.1; *see also* C.D. Cal. L.R. 79-5.2.2. On the same day, Plaintiff filed an application for a temporary restraining order. *See* (ECF No. 6 ("Application")). At the time, Plaintiff had not served Defendant Oasis Discovery Partners LLC ("Defendant") with a copy of the summons and complaint and, on July 10, 2026, the Court denied the Application without prejudice. *See* (ECF No. 13).

However, because Plaintiff served its Application on Defendant but improperly filed the case under seal and apparently did not tell Defendant that the Court had already denied the Application, Defendant filed an opposition to the Application on July 13, 2026. *See* (ECF No. 14). On the same day, Plaintiff filed proof of service on Defendant. *See* (ECF No. 15).

On July 14, 2026, Plaintiff's counsel sent several *ex parte* email communications to the Court's Courtroom Deputy. In his emails, Plaintiff's counsel wrote that Plaintiff had effected personal service on Defendant and Defendant had filed an opposition to the Application on the merits. Plaintiff's counsel therefore requested advice on whether the Court would consider the Application or if it was necessary to submit a renewed application. Plaintiff's counsel did not include Defendant's counsel on his emails.

Counsel are required to comply with the Central District of California's Local Rules, the Federal Rules of Civil Procedure, and the Court's standing orders. Under the Local Rules and the Court's standing orders, counsel may not send *ex parte* emails to the Court. *See* C.D. Cal. L.R. 83-2.5; *see also* Standing Order for Newly Assigned Civil Cases, § A.5 (counsel must refrain from improper *ex parte* contacts and must include all parties on emails to the Court's Courtroom Deputy). The Court may impose sanctions based on future instances in which either

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-07446-SPG-BFM | Date | July 14,2026 |
| Title | Assessment First, LLC v. Oasis Discovery Partners LLC | | |

party violates the Local Rules, Federal Rules, or the Court's standing orders. To the substance of Plaintiff counsel's *ex parte* emails, the Court emphasizes that it has already denied the Application *without prejudice*, thereby rendering Defendant's subsequently filed opposition as moot. The Court's denial is a part of the record. *See* (ECF No. 13). In light of the aforementioned facts, the Court declines Plaintiff counsel's repeated *ex parte* email requests for the Court to advise Plaintiff's counsel on what option to pursue next and cautions counsel not to engage in *ex parte* communications with the Court in the future.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer    pg